Grayco Alternative Partnership II, LP v 5 Stone Green Capital LLC (2023 NY Slip Op 50609(U))

[*1]

Grayco Alternative Partnership II, LP v 5 Stone Green Capital LLC

2023 NY Slip Op 50609(U)

Decided on June 23, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2023
Supreme Court, New York County

Grayco Alternative Partnership II, LP, Plaintiff,

against
5 Stone Green Capital LLC, 5 Stone Green Capital - Bainbridge GP LLC (Also Known as 5 Stone Green Capital GP LLC), 5 Stone Green Capital - Bainbridge Real Estate Fund LP (Also Known as 5 Stone Green Capital Real Estate Fund LP), Douglas Lawrence, Lewis Jones, and Anthony Roberts, Defendant.

Index No. 652377/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) were read on this motion to/for CONFIRM ARBITRATION AWARD.
In the instant action, Grayco sued alleging breach of contract and fiduciary duty. Pursuant to section 13.2 of their Limited Partnership Agreement (the "LPA"), the parties were subject to mandatory arbitration of their claims; disputes between them "shall be resolved by final and binding arbitration before an 'Arbitrator' selected from and administered by JAMS" (NYSCEF doc. no. 14). The arbitrator took extensive testimony of witnesses, including experts, and reviewed large quantities of documentary evidence in reaching her judgment. The arbitrator ultimately concluded that defendants were liable for breach of contract and breach of fiduciary duty, rejected their counterclaims, and awarded $3,941,094.72 to GCAP II. As required by the CPLR, GCAP II moved to confirm the arbitration award within a year.
CPLR 7510 states that "[t]he court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a [*2]ground. New York courts follow a "policy supporting arbitration and discouraging judicial interference with either the process or its outcome" (NY City Transit Auth. v Transp. Workers Union of Am., 99 NY2d 1, 6 [2002]). When considering judicial interference with arbitration awards, New York has a "long and strong public policy favoring arbitration" (Am. Int'l Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020]). "[A]n arbitration award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached" (Wien & Malkin, LLP v Helmsley—Spear, Inc, 6 NY3d 471, 479 (2006). The law is abundantly clear that "judicial review of arbitration awards is extremely limited" (Id.) In reviewing an arbitration award, "it is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute" (United Fedn of Teachers, Local 2 v Bd of Educ, 1 NY3d 72, 82-83 (2003).
Defendants ignore that they, as the party seeking to vacate the award, must bear the "heavy burden" of coming forth with "clear and convincing evidence" supporting their request (Muriel Siebert & Co v Ponmany, 190 AD2d 544, 544 [1st Dept 1993]). Here, Defendants have failed to provide such evidence. Defendants have not provided clear and convincing evidence of irrationality required to vacate an arbitral award, rather, they have merely attempted to relitigate matters previously addressed in the arbitral forum (Muriel Siebert & C. v Ponmany, 190 AD2d 544, 544 [1st Dept 1993]).
Accordingly, it is hereby
ORDERED and ADJUDGED that Motion Sequence No. 001 is granted, the petition is granted, and the award rendered in favor of petitioner and against respondent is confirmed.
06/23/2023
ROBERT R. REED, J.S.C.